ISUMU LEAPAGA of Nu'uuli,
Applicant

v.

LEAPAGA KESI of Nu'uuli,
Objector

No. 142-1963

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Lalotoga" in Nu'uuli]

April 3, 1964

Isumu Leapaga *pro se.*
Leapaga Kesi *pro se.*

OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above entitled and numbered cause wherein Applicant, Isumu Leapaga, filed an application with the office of the Registrar of Titles of American Samoa to register a certain surveyed parcel of land called Lalotoga, containing 1.003 acres, more or less, situated in the Village of Nu'uuli. Upon notice of the proposed

registration of the land, objection was filed by Leapaga Kesi on behalf of the Leapaga Family.

Applicant, Isumu, sought to register the land in question as his own individually-owned land. Leapaga Kesi objected on the ground that the land as surveyed was the communal land of the Leapaga Family and not the individually-owned land of the Applicant.

Previous to the time of trial, all three judges viewed the land in question in the presence of the applicant and objector.

Isumu testified that he and Leapaga Kesi were blood brothers of the same father and mother. At first Isumu stated that he was claiming the land as the individually-owned land of himself, Kesi and their sister, Paepaeuli, but then stated that he had surveyed the land as the individually-owned land of the Akasini Family, which included only himself, Kesi and Paepaeuli, because this land was given by one Fanene to their grandfather.

Isumu testified that on June 26, 1961 a mortgage to the land in question was executed by Leapaga Kesi, Laupua M. and Akasini Leapaga in favor of the Assembly of God Church to secure a loan of $600.00, said loan of $600.00 due to be paid on or about October 1, 1961. Isumu introduced what appeared to be the original of said mortgage instrument and the same was admitted into evidence marked "Applicant's Exhibit No. 1." The mortgage instrument was never recorded.

Applicant's Exhibit No. 2 consisted of a letter from the Attorney General's office dated May 3, 1962 addressed to Laupua M. of Nu'uuli inquiring how the addressee intended to pay the $600.00 debt due the Assembly of God Church, which debt had been secured by a mortgage (Applicant's Exhibit No. 1).

Isumu testified that the letter warned the addressee that unless the debt was paid the land mentioned in the

mortgage would pass to the Assembly of God Church. After reading the letter, the Court is satisfied that no representation was made in the letter that the land would be lost if the debt was not paid as set out in the mortgage instrument.

Isumu testified that after receipt of the letter by Laupua, he, Isumu, had gone to see the Attorney General. Isumu testified that the Attorney General had told him that if he, Isumu, paid the outstanding debt to the Assembly of God Church, the land mortgaged would then become Isumu's, and if the debt was not paid the land would be forfeited to the mortgagee, and that based on such representations he, Isumu, had undertaken to pay the debt.

Isumu introduced, as Applicant's Exhibit No. 3, 12 receipts from the Attorney General's office in the amount of $50.00 each, for a total of $600.00, said receipts being dated from March 5, 1962 to April 11, 1963.

Isumu's claim to the land in question as his individually-owned land was based on the following reasoning: That the land was not the communal land of the Leapaga Family, but the individually-owned land of the Akasini Family, consisting of himself, Kesi and his sister Paepaeuli; that the land was mortgaged without his knowledge to the Assembly of God Church to secure a $600.00 loan executed by Leapaga Kesi, Laupua M., and Akasini Leapaga, his father; that if the money borrowed had not been paid by Isumu to the mortgagee, the mortgaged land would have been lost to the mortgagee; that since he, Isumu, personally paid back the $600.00 due to the mortgagee to keep the church from foreclosing on the mortgage, the land was now his individually-owned land.

Isumu had Fanene and his wife, Mao, as his witnesses. Fanene testified that the land in question was originally Fanene land. Mao testified that when Kesi came back from Hawaii there were conversations between Isumu and Kesi, but that even though she had heard Kesi offer to pay Isumu

the money he had paid to the mortgagee, she had only heard the verbal offer but had not seen the actual money.

Leapaga Kesi testified that the land Lalotoga was the communal land of the Leapaga Family and not the individually-owned land of the Akasini Family. Kesi called Fa'agata and Paepaeuli as witnesses to the effect that the land in question was the communal land of the Leapaga Family. Fa'agata, 60 years old, stated his mother was the sister of Isumu's and Kesi's father, and that he had lived on the land in question in years past when he served food to the father and grandfather of Isumu and Kesi. Paepaeuli testified that both Isumu and Kesi were her brothers and that the mortgage on the land was executed with the consent of the Leapaga Family. She also testified that Kesi tried to pay Isumu back on two occasions.

To further show that the land in question was the communal land of the Leapaga Family, Kesi made reference to a 40-year lease of the land in question dated November 5, 1924, wherein the instrument, recorded in Volume 1, page 509, Native Leases, states that the lessor is leasing the land as the matai of the Leapaga Family, for himself and for the members of his matai family. Kesi further referred to a 3-year extension of the 1924 lease considered by the Land Commission of American Samoa and approved by the Governor on January of 1964, wherein the instrument states that the lessor is acting as matai of the Leapaga Family. The instrument extending the lease is recorded in Volume 3, page 44, Native Leases.

Leapaga Kesi admitted having signed the mortgage together with Laupua and Akasini Leapaga to secure the $600.00 loan from the Assembly of God Church. Kesi testified that of the $600.00 received he gave Isumu $50.00, Paepaeuli $100.00, and an undisclosed sum to his wife to care for his father and their children, and that he had used the rest to go to Hawaii to look for work. Kesi testified that

when he realized he would not be able to pay the $600.00 on time, he contacted Paepaeuli, his sister, to see if she and Isumu could get the money to pay the note and that he would reimburse them when he got back. Paepaeuli testified she had gone to see Isumu about Kesi's request and that Isumu had not contacted her again but had himself gone to the Attorney General's office to agree to pay the whole amount himself. Kesi testified that immediately upon his return from Honolulu he went to see Poe Haleck about paying the loan back to the mortgagee, but that Poe had told him that Isumu had already paid the whole debt. Kesi testified that he then went to see Isumu on two different occasions and tried to get him to take the $550.00 which Isumu had paid on the note, discounting the $50.00 Isumu had originally received from Kesi, but that Isumu had each time refused to accept the money saying that the land was now his and that he would rather go before the Court on the matter. Kesi testified that at the time he offered to pay Isumu he had the money on his person.

When Isumu asked Kesi if he, Kesi, could pay Isumu back the $600.00 before 4 P.M. the same day of the trial, Kesi answered in the negative. Kesi stated that Isumu had paid the $600.00 to the Assembly of God Church as a legal debt of the Leapaga Family and that Isumu should get his money back in the amount of $550.00 because Isumu had already received $50.00 from Kesi when the loan was first obtained in 1961.

The Court is satisfied that the hearsay attributed by Isumu to the Attorney General is not accurate since the Attorney General would have known that the mortgage in favor of the Assembly of God Church was not good as being contrary to the prohibition of alienation of lands in American Samoa, and that the mortgage was legally unenforceable.

This Court will not speculate as to what motivated Isumu to pay the $600.00 to the mortgagee. Isumu testified that he paid the money to save the land from being taken by the mortgagee. The fact is that the mortgage instrument itself would not operate to pass title of the land to the mortgagee in case of non-payment of the note since said mortgage was legally contrary to the alienation of land laws of American Samoa. Since Isumu had not personally executed either the note or the mortgage instrument, he was not personally legally obligated to pay the debt to the mortgagee. At most he had only a moral obligation to pay a debt incurred by the Leapaga Family. Whether the land was the communal land of the Leapaga Family or the individually-owned land of the Akasini Family, the mortgage instrument could not have operated to alienate the land in question in favor of the mortgagee. At best, the mortgage instrument is only a promise to pay the $600.00 to the Assembly of God Church on or about October 1, 1961. If Isumu had not paid, the land would not have been lost as a result of the alleged mortgage.

After considering the testimony, the evidence, the exhibits and the arguments, the Court is of the unanimous opinion that the land in question, Lalotoga, was the communal land of the Leapaga Family at the time the mortgage was executed to secure a $600.00 loan and that Lalotoga is still the communal land of the Leapaga Family.

The Court is further of the unanimous opinion that whatever the worth or value of the mortgage executed in favor of the Assembly of God Church, the Leapaga Family was morally responsible to pay the $600.00 back. The Court further holds that in paying back the $600.00 to the mortgagee, Isumu was paying a legal and moral obligation of the Leapaga Family for which the present matai of the Leapaga Family is responsible, and that Isumu is entitled to a reimbursement, within a reasonable time, of $550.00

($600.00 less the $50.00 he received from Kesi) plus 6% interest from April 11, 1963, the date Isumu paid the last installment of the loan to the mortgagee.

It is further the unanimous opinion of this Court that the application by Isumu Leapaga to register the land Lalotoga as his own individually-owned land should be and the same is hereby denied.

In conclusion, it is the unanimous decision of this Court and it is hereby ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That the application by Isumu Leapaga to register the land Lalotoga as his own individually-owned land is hereby denied.

2. That the land in question, as shown in the survey, is the communal land of the Leapaga Family.

3. That Leapaga Kesi as matai of the Leapaga Family pay to Isumu Leapaga the amount of $550.00 plus 6% interest from April 11, 1963, not later than six (6) months after the filing of this judgment, which date is April 3, 1964.

4. Court costs in the amount of $25.00 are assessed against Isumu Leapaga and Leapaga Kesi, each to pay $12.50 within 30 days.